No. 23-7876

# In the United States Court of Appeals for the Second Circuit

CRCM Institutional Master Fund (BVI) Ltd.,
CRCM SPAC Opportunity Fund LP,
*Plaintiffs-Appellees*,

v.

Getty Images Holdings, Inc.,
*Defendant-Appellant*.

On Appeal from the United States District Court for the
Southern District of New York, No. 23-cv-01074-JSR
Hon. Jed S. Rakoff, *United States Senior District Judge*

**CRCM'S RESPONSE TO GETTY IMAGES HOLDINGS, INC.'S MOTION TO CONSOLIDATE APPEALS**

William Savitt
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019
Phone Number: (212) 403-1000
Fax Number: (212) 403-2000
Email: wdsavitt@wlrk.com

*Counsel for Plaintiffs-Appellees CRCM Institutional Master Fund (BVI) Ltd. and CRCM SPAC Opportunity Fund LP*

## RESPONSE TO MOTION TO CONSOLIDATE APPEALS

Plaintiffs-Appellees CRCM Institutional Master Fund (BVI) Ltd. and CRCM SPAC Opportunity Fund LP (collectively, "CRCM") oppose Defendant-Appellant Getty Images Holdings, Inc.'s ("Getty") motion to consolidate this appeal (No. 23-7876) with the appeal and cross-appeal arising out of the separate action, *Alta Partners, LLC* v. *Getty Images Holdings, Inc.* (Nos. 23-7915 and 23-7983).

The *CRCM* appeal presents a question of New York contract law simple enough that the District Court had no trouble resolving it in a few pages of common-sense adjudication. The *Alta* appeal and cross-appeal present multiple additional issues not at all implicated in the *CRCM* appeal: a threshold standing challenge, an unrelated claim for breach of contract, and a claim invoking the implied covenant of good faith and fair dealing. Appellant Getty seeks to conjoin the very simple *CRCM* appeal with the far more elaborate *Alta* appeal and cross-appeal, leading to needless complication and potential delay.

Because consolidating these actions would serve neither judicial economy nor equity and would prejudice CRCM's interests, CRCM respectfully requests that the Court deny Getty's motion.

## BACKGROUND

CRCM invested in warrants convertible into Getty stock. Appendix to Getty's Motion to Consolidate Appeals ("Getty App.") at 3a. The plain words of the warrant agreement governing this investment permitted CRCM to exercise its Getty warrants as of August 22, 2022. *See id.* But when CRCM sought to exercise at that time, Getty refused. *Id.* at 8a–9a. By the time Getty ultimately allowed investors to exercise, Getty's stock price had declined, rendering the warrants nearly worthless. *Id.* at 9a. Getty eventually redeemed the warrants for $0.01 per warrant. *Id.*

On February 8, 2023, CRCM filed a complaint against Getty, alleging that Getty breached the warrant agreement by refusing to allow CRCM to exercise its warrants in August 2022. *Id.* at 10a. Alta Partners, another investor in Getty warrants, had filed a separate lawsuit likewise complaining that Getty had breached the warrant agreement. *Id.* CRCM's and Alta's breach of contract claims included an overlapping issue, but the actions differed in several material respects. Importantly, the majority of warrants for which Alta sought relief were purchased *after* it sought to exercise, whereas CRCM's claims related only to warrants it owned at the time of its attempted exercise. *Id.* at 25a. Alta also raised claims challenging Getty's redemption of the warrants that were not raised in CRCM's action. *See id.* at 27a–30a.

"[W]ith the consent of both parties," the District Court consolidated the two suits only "through the close of discovery." Getty App. at 10a. After discovery, both parties in both cases moved for summary judgment. In the *CRCM* case, the District Court held that the unambiguous words of the contract permitted CRCM to exercise as of August 2022 and that Getty breached the agreement in refusing exercise at that time. *Id.* at 11a–26a. The Court accordingly entered judgment in CRCM's favor. *Id.* at 32a. That ruling is the sole issue before this Court on Getty's appeal as to CRCM.

In the *Alta* case, as is relevant to the issue here, the District Court went on to rule that Alta could obtain damages only on those warrants it acquired before, and actually sought to exercise at the time of, Getty's breach. *Id.* at 25a–26a. That standing issue did not exist in the *CRCM* case. The District Court also granted Getty's motion with respect to certain additional claims, including Alta's claims for breach of contract and for breach of the implied covenant of good faith and fair dealing relating to Getty's forced redemption of the warrants. *See id.* at 27a–30a. Those issues are all before this Court on Getty's appeal as to Alta. None are before the Court on Getty's appeal as to CRCM.

Getty noticed separate appeals in each of CRCM's and Alta's actions. *CRCM Institutional Master Fund (BVI) Ltd. et al.* v. *Getty Images Holdings, Inc.*, No. 23-cv-01074-JSR (S.D.N.Y. Nov. 22, 2023), Dkt. No. 57; *Alta Partners, LLC* v.

-3-

*Getty Images Holdings, Inc.*, No. 22-cv-08916-JSR (S.D.N.Y. Nov. 22, 2023), Dkt. No. 77. Alta subsequently noticed a cross-appeal with respect to all adverse parts of the District Court's order. *Alta Partners, LLC*, No. 22-cv-08916-JSR (S.D.N.Y. Dec. 5, 2023), Dkt. No. 79. CRCM did not cross-appeal.

## ARGUMENT

"In assessing whether consolidation is appropriate," the Court must "consider both equity and judicial economy." *Chem One, Ltd.* v. *M/V Rickmers Genoa*, 660 F.3d 626, 642 (2d Cir. 2011). Because consolidation of Getty's appeals of the separate *CRCM* and *Alta* actions would be neither equitable nor promote judicial economy, Getty's motion should be denied.

*First*, because Alta has cross-appealed, consolidation would needlessly increase the complexity of this appeal by burdening it with multiple legal and factual issues neither party has put at issue. This appeal raises just one discrete question—whether the District Court properly granted summary judgment on CRCM's claim that Getty breached the warrant agreement by refusing to allow warrant holders to exercise in August 2022.

Alta's cross-appeal, however, raises numerous other issues, including the District Court's determination that "damages must be limited to those for warrants [Alta] acquired before, and actually sought to exercise at the time of, Getty's breach"—an issue that solely concerns the nature and timing of the warrants

purchased by Alta. *See* Getty App. at 25a (noting that "there is no suggestion that CRCM is seeking damages for warrants it did not possess at the relevant time"). Alta's cross-appeal would also require the court to address whether the District Court properly awarded Getty summary judgment on Alta's breach of contract and implied covenant claims relating to Getty's forced redemption of the warrants—a separate transaction that is not the subject of any claims in the *CRCM* action. *See id.* at 27a–30a. Requiring the Court to address these issues in conjunction with the *CRCM* appeal would complicate its disposition, contrary to principles of judicial economy.

*Second*, consolidation risks delaying resolution of this appeal. Because CRCM has not cross-appealed, this appeal would in the ordinary course be briefed on the normal three-brief schedule. But because Alta has cross-appealed, the *Alta* appeal will involve four stages of briefing. *See* Getty's Motion to Consolidate Appeals ("Mot.") at 5–6. Consolidation would thus unnecessarily add an additional stage of briefing to this appeal, on issues irrelevant to its resolution, which will delay disposition. *See Jordan* v. *Duff & Phelps, Inc.*, 815 F.2d 429, 439 (7th Cir. 1987) ("Cross-appeals . . . . disrupt the briefing schedule, increasing from three to four the number of briefs, and they make the case less readily understandable to the judges," as "[t]he arguments will be distributed over more papers, which also tend to be longer"). Granting Getty's motion would impose the more complex procedure of a

cross-appeal onto a simple case that has no need for it. That is contrary to judicial efficiency and prejudicial to CRCM.

*Third*, consolidating the appeals would effectively double the number of words for Getty's reply brief, without any accompanying increase in CRCM's response brief. *Compare* Local Rule 32.1(a)(4)(B) (entitling an appellant to a reply brief of 7,000 words), *with* Local Rule 28.1.1(a) (entitling an appellant-cross-appellee to a 14,000 word response-and-reply brief). Although Getty's reply would also serve as its response to Alta's cross-appeal (*see* Mot. at 5), Getty would have discretion to allocate as much of its reply to issues raised in CRCM's response brief as it saw fit, potentially using nearly the entirety of the proposed 14,000-word response-and-reply brief for the breach of contract claim at issue on CRCM's appeal, with no corresponding increase to CRCM's word limit. Through this tactical maneuver, Getty would enjoy far greater opportunity to respond to CRCM's core contract claim than it would under the normal rules.

None of the arguments Getty raises in its Motion justify consolidation.

*First*, Getty suggests that consolidation is appropriate because this action and the *Alta* appeal "arise out of the same district court decision and raise overlapping legal issues." Mot. at 2. But there is only one "overlapping" issue—the numerous other issues presented in the *Alta* appeal are nowhere present in the *CRCM* appeal. Moreover, Getty cites nothing to suggest that "overlapping" issues are alone

sufficient to warrant consolidation.  To the contrary, as noted above, "[i]n assessing whether consolidation is appropriate," the Court must "consider both equity and judicial economy."  *Chem One*, 660 F.3d at 642.  Consolidating these actions would serve neither judicial economy nor the interests of justice.  It would force CRCM into a complex cross-appeal with multiple issues, prolong the period to decision, and impose cross-appeal procedure and additional briefing onto an appeal that does not warrant it.

*Second*, Getty suggests that because the "district court consolidated the [*Alta* and *CRCM*] actions through close of discovery," they should be consolidated on appeal.  *See* Mot. at 2.  Getty overlooks that the cases were *not* consolidated following discovery, including for summary judgment.  Indeed, the District Court declined Getty's invitation to consolidate the actions more broadly, in apparent recognition of the actions' substantive differences.  *See* Transcript of Feb. 17, 2023 Proceedings at 9–13, *Alta Partners, LLC*, No. 22-cv-08916 (S.D.N.Y. Mar. 3, 2023), Dkt. No. 25.  The parties' summary judgment motions were briefed separately, just as CRCM proposes for the appeal briefing here.

*Finally*, Getty suggests that failing to "consolidat[e] these appeals would be inefficient . . . and would waste valuable judicial resources," as "it makes sense for the same panel of the Court to consider these appeals together based on coordinated briefing and consolidated oral argument."  Mot. at 4.  But alternative means of

-7-

promoting judicial economy are available to the Court, should it choose to employ them, including assigning the appeals to the same panel and calling them simultaneously or consecutively for oral argument. That approach, should the Court think it prudent, would achieve the efficiencies Getty claims to seek without subjecting CRCM to the penalty of consolidation with a more complex appeal and the potential for gamesmanship in the allocation of argument.

## CONCLUSION

For the reasons set forth above, CRCM respectfully requests that the Court deny Getty's motion to consolidate this action (No. 23-7876) with the *Alta* appeal and cross-appeal (Nos. 23-7915 and 23-7983) and for an order adopting Getty's proposed briefing structure.

Dated: February 20, 2024

Respectfully submitted,

/s/ William Savitt
William Savitt
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Phone Number: (212) 403-1000
Fax Number: (212) 403-2000
Email: wdsavitt@wlrk.com

*Counsel for Plaintiffs-Appellees CRCM Institutional Master Fund (BVI) Ltd. and CRCM SPAC Opportunity Fund LP*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Appellate Procedure 25(b) and Local Rule 25.1, I certify that I caused the foregoing to be electronically filed with the Clerk of Court for the United States Court of Appeals for the Second Circuit on February 20, 2024, by using the ACMS system, and service was accomplished on all counsel of record through the ACMS system.

Dated: February 20, 2024

/s/ William Savitt
William Savitt
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Phone Number: (212) 403-1000
Fax Number: (212) 403-2000
Email: wdsavitt@wlrk.com

*Counsel for Plaintiffs-Appellees CRCM Institutional Master Fund (BVI) Ltd. and CRCM SPAC Opportunity Fund LP*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, as calculated by Microsoft Word, it contains 1,701 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f). I further certify that this motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface in a 14-point Times New Roman font.

Dated: February 20, 2024

/s/ William Savitt
William Savitt
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Phone Number: (212) 403-1000
Fax Number: (212) 403-2000
Email: wdsavitt@wlrk.com

*Counsel for Plaintiffs-Appellees CRCM Institutional Master Fund (BVI) Ltd. and CRCM SPAC Opportunity Fund LP*